THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO RODRÍGUEZ MARTÍNEZ, Defendant and Appellant.

No. CR-68-233.     Decided November 20, 1969.

*Julio García Antique* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Adolfo Negrón Cruz, Assistant Solicitor General,* for The People.

PER CURIAM: The prosecuting attorney filed an information against appellant for violation of § 328 of the Penal Code (33 L.P.R.A. § 1364), consisting in that on October 8, 1967,

while he was driving a Volkswagen motor vehicle, Station Wagon, along Barbosa Avenue of Hato Rey, which is a thoroughfare, "he acted with such carelessness, gross negligence, and recklessness that he collided the aforementioned vehicle against the motor vehicle Nyzan Jeep, 1964 model, license plates 724-756, and that as a result of said collision, the human being Héctor Rivera Maldonado, who was travelling in the Volkswagen vehicle, Station Wagon, license plates 777-134, received injuries of such a serious nature that they caused his death."

The jury declared him guilty of said offense and the court ordered him to serve a suspended sentence of from 2 to 4 years in the penitentiary and the suspension of the license for a term of 4 years.

In the first two errors appellant attacks the weighing of the evidence as well as its sufficiency.

■ The conflict in the evidence was settled by the jury against appellant and the study we have made of the transcript of the evidence does not convince us that we should disturb the weighing of the same made by the jury. On the other hand, we do not believe that the evidence believed by the jury is insufficient to support, beyond reasonable doubt, appellant's conviction.

We agree with the following argument of the Solicitor General:

"Defendant-appellant's contention is not correct. As it may be determined from the evidence introduced, he recklessly ran the risk of turning to the left at an intersection in clear violation of Section 5-401 (5) of the Vehicle and Traffic Law (9 L.P.R.A. § 921 (5). Defendant-appellant seeks to rely on subsection (6) of the said section, upon producing evidence that he was already crossing the intersection when the jeep impacted him. Although evidence was introduced in one sense or the other, the result of the collision gives us light as to how the accident occurred. The positions in which both vehicles remained in relation to the intersection, the jeep running into a hardware store facing the

avenue towards Santurce, and the station wagon at the opposite side towards Río Piedras, the jeep receiving the impact on its left and front sides and the station wagon on its right side, all these circumstances lead to the conclusion that the accident occurred at the same center of the intersection when the jeep was already crossing with the light and the station wagon suddenly came into its path. The station wagon's impact may be measured in terms of the effect produced to the jeep, which was dragged or thrown against the hardware store located at the corner of Avila Street, which is the continuation of Guayama Street.

"If the collision would have occurred while the station wagon was coming out of the intersection, the jeep would have dragged the station wagon towards Avila Street, where the hardware store is, and not on the contrary, as it actually happened.

"In the assignment of the second error defendant-appellant attributes the cause of the accident to the excessive speed, carelessness, and lack of circumspection of the person who was driving the jeep. On this point, there is evidence in the record of Bartolo Cabanillas' testimony. (Tr. Ev. p. 53 *et seq.*) The latter declares having seen two automobiles, referring to the jeep which Ramos Garay was driving and the other vehicle which was coming behind him, driven by Pedro José Daumont —which were coming at great speed . . . at quite a speed . . . much more than thirty miles . . . maybe at fifty miles. (Tr. Ev. p. 56.) Pedro José Daumont testified that he was going at a speed of from thirty to thirty-three miles. (Tr. Ev. p. 30.) When the accident occurred, he stopped and swerved to the left lane at a speed of two miles. As it may be seen, if Daumont would have been going at the great speed which Cabanillas attributes to him, he would not have been able to stop his automobile and go by the left side of the place of the accident in the slow manner in which he did it. The version, then, that both vehicles were going at a great speed does not merit credit. Even though Ramos Garay would have been going at quite a speed, the sudden apparition of defendant-appellant at the intersection where the accident occurred without having a right thereto and without Ramos Garay having been aware beforehand, dissipates the inference of guilt which defendant-appellant seeks to attribute to him." (Solicitor General's Report, pp. 5 to 7.)

Defendant himself admitted in his oral testimony that he had taken the left lane, but that in order not to obstruct one must leave the lane and enter into the intersection slowly; that he saw the other vehicle about forty feet away, but that he had already occupied the other lane; that "one has to decide and as I am in the middle, he has to let me use the lane or reduce, so that I can continue towards there."

Appellant maintains that he did not incur gross negligence or recklessness, but that he committed an error in calculation upon trying to cross the intersection.

The jury understood correctly, in our opinion, that the accident was due to appellant's gross negligence and recklessness.

■ Appellant also maintains that the jury was unduly influenced by the ungrounded inferences and conclusions of the policeman Francisco Chinea. This assignment of error is untenable. The said policeman was used by defendant himself as witness for the defense and his testimony was admitted without objection.

■ In the third error appellant complains that the trial court allowed the prosecuting attorney to challenge a witness waived by the latter, without having legal basis therefor and in not properly charging the jury about this particular.

The prosecuting attorney could challenge the witness waived by him and used as witness for the defense, if between his testimony in court and the sworn statement which he had previously given before the prosecuting attorney, there was any contradiction as apparently there was as to who had impacted the Volkswagen vehicle. Besides, it was defendant himself who introduced the sworn statement in evidence.

■ Even though the judge would have stated to the jury in his instructions that they were going to decide whether that statement had rehabilitated the witness, for having

reached the conviction that it was not a testimony recently made up, if it were an error, it has not prejudiced appellant. The judge made it clear to the jury that they were not going to decide relying on what the sworn statement said, that that statement was not evidence in the case. "The content of that statement is not evidence. The evidence we have is the one which has been presented before you on the witness stand, but you will consider that statement and its content, in order to decide how much credit the testimony rendered by the witness Eduardo Francisco Maisonet on the witness stand may deserve." Further on the judge also told them: "What you are going to consider as evidence in the case is the evidence presented before you here. But you are going to hear this statement and you are going to compare it with the testimony given here by the witness, and you are going to decide, first, whether the prosecuting attorney impeached him and later how much credit did you give to that testimony."

The fourth error was not committed either. The trial court acted correctly in instructing that it was incumbent upon the jury to determine in what direction the vehicle driven by defendant was going when the collision occurred. The evidence of both parties justified it thus. There was evidence for the prosecution to the effect that the Volkswagen appeared suddenly at the intersection without its being known from where it had come. The citations which the judge made of the different provisions of the Vehicle and Traffic Law do not constitute an error either since they are applicable.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.